UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kathy E. Merritt,<br>Plaintiff,<br><br>v.<br><br>The Kolter Group, LLC d/b/a KH Ponds, LLLP, and Kolter Homes, LLC d/b/a KH Holdco, LLC,<br>Defendants, | CASE NO.: ______________________<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

**JURISDICTION AND PARTIES**

1. This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for racial discrimination under Title VII of the Civil Rights Act of 1964.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. A charge of employment discrimination on basis of racial discrimination, retaliation and unequal pay was filed by the Plaintiff with the U.S. Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from the U.S. Equal Employment Opportunity Commission ("EEOC") on or about January 31, 2019.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of Right to Sue.

3. Plaintiff, Kathy E. Merritt, is a citizen and resident of the State of South Carolina, and resides in Dorchester County.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. The Defendants The Kolter Group, LLC d/b/a/ KH Ponds, LLLP is upon information and belief are foreign corporations formed in Florida and Delaware and doing business in the County Dorchester.

6. The Defendant Kolter Homes, LLC d/b/a KH Holdco, LLC is upon information and belief is a foreign corporation formed in Florida and doing business in the County Dorchester.

7. Defendants are "persons" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendants are industries that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. Defendants employ fifteen (15) or more employees and are an "employers" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e; and the Fair Labor Standards Act and the South Carolina Payment of Wages Act.

10. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

**STATEMENT OF FACTS**

11. In or about April 2017, the Plaintiff (59), began working for the Defendants as a Sales Consultant.

12. As part of the employment Plaintiff signed an Offer of Employment which stated her pay would be partly a commission of 2% and a base salary of $40,000.00.

13. At all times, the Plaintiff was efficient and effective in her job.

14. In or around November 2017 the Defendants terminated Supervisor Mike Crawford and replaced him with Mike McClendon.

15. After Mr. McClendon was made the new Supervisor he began treating Plaintiff differently than the other employees. Mr. McClendon would not make eye contact with Plaintiff, and after meetings he would ask everyone else to stay but the Plaintiff. Mr. McClendon would also allow the other employees to attend outings, but would not let Plaintiff leave the office to attend.

16. When Plaintiff inquired about why she was being treated differently, Mr. McClendon indicated he wanted to give the company a newer look, Plaintiff indicated that was discrimination.

17. Plaintiff later requested another meeting with Mr. McClendon to discuss how she was being treated, but he stated “he did not feel comfortable and that he was just doing his job”.

18. When the Plaintiff questioned Mr. McClendon about her commission and why it was short, he stated “I will pay you 50% of your commissions”. Plaintiff stated that was not acceptable.

19. In or about February 22, 2018, Plaintiff informed Mr. McClendon that she would be in late due to a doctor's appointment.

20. On or about February 22, 2018, Plaintiff was terminated in retaliation for reporting the discrimination, and complaining about her pay being shorted. Mr. McClendon told Plaintiff that her termination was due to her job performance. When Plaintiff asked why he didn't come to her if he had a problem with her job performance, he stated "it wouldn't have mattered". Plaintiff pointed out her sales were at the top.

21. Defendants rehired Denise Williams (35), who was not as qualified, to replace Plaintiff.

22. Plaintiff also requested payment of the commissions that were owed to her per her contract, and she was told by Defendants that they would only pay half of what she was owed. Plaintiff has never received her commission.

**FOR A FIRST CAUSE OF ACTION**
**VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT**

23. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

24. Plaintiff was a member of a protected group on the basis of her age. Plaintiff was an employee for a position that she was qualified for and was an individual over forty (40) years old. Plaintiff was retaliated against discharged from her position due to her age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and the ADEA of 1967, as amended, 29 U.S.C. §630.

25. Defendants was wanton, and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

a. In failing to promote or continue to employ Plaintiff due to her age;

b. In retaliating against Plaintiff by withholding commissions and terminating and showing disparate treatment against Plaintiff;

c. In discharging Plaintiff due to her age and in retaliation withholding her commissions;

d. Defendants hired, trained and replaced the Plaintiff with a younger individual that was not as qualified.

26. Defendants violated ADEA of 1967, as amended, 29 U.S.C. §630 by allowing the discrimination to exist in the workplace.

27. Defendants violated ADEA of 1967, as amended, 29 U.S.C. §630 by allowing a hostile work environment to exist regarding age discrimination in the workplace.

28. Plaintiff's age was a determining factor in the retaliation, disparate treatment and constructive discharge of the Plaintiff. But for the Plaintiff's age, she would not have been terminated.

29. As a direct and proximate result of the acts and practices of Defendants in the discrimination, retaliation, disparate treatment and wrongful discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from emotional pain loss of income, loss of benefits, other past and future losses, and attorney fees and costs.

**<u>FOR A SECOND CAUSE OF ACTION</u>**
**<u>VIOLATION OF FAIR LABOR STANDARDS ACT</u>**

30. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

31. The Defendant failed to pay wages as agreed upon.

32. The Plaintiff was working for Defendants and accrued commissions. The Defendants have failed and continue to fail to pay the commissions owed to the Plaintiff in violation of the Fair Labor Standards Act of 1938 (FLSA).

33. The Defendant failed to provide benefits as set out by the FLSA.

34. Plaintiff is informed and believes that Defendants were unjustly enriched in maintaining commissions which rightfully belong to Plaintiff pursuant to the FLSA.

35. As a direct and proximate result of the acts, omissions, and practices of the Defendants, the Plaintiff sustained a loss of income and wages.

36. As a direct and proximate result of the acts and practices of Defendants, Plaintiff is informed and believes she is entitled to an award of damages, treble damages, liquidated damages, prejudgment interest, costs, and legal fees in an amount to be determined by the trier of fact.

**<u>FOR A THIRD CAUSE OF ACTION</u>**
**<u>VIOLATION OF SC PAYMENT OF WAGES ACT</u>**

37. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

38. The Plaintiff, due to the wrongful acts, omissions, and practices of the Defendants, has been deprived of wages and income to the present date and continuing in violation of South Carolina Code of Laws Sec. 41-10-40, 1976, et. seq.

39. The Defendants refused and continue to refuse to pay the Plaintiff for all commissions due, in violation of the South Carolina Payment of Wages Act.

40. Plaintiff is informed and believes that she is entitled to an award of damages, treble damages, costs, and attorneys' fees against Defendants in an amount to be determined by the trier of fact, pursuant to the South Carolina Payment of Wages Act.

**FOR A FOURTH CAUSE OF ACTION**
**BREACH OF CONTRACT**

41. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

42. On or about March 30, 2017, the Plaintiff and the Defendants, their agents and employees, entered into a contract whereby the Defendants employed the Plaintiff to begin work at that time for an indefinite term as a sales consultant.

43. The Plaintiff signed a number of documents when she was hired and she entered into a contract of employment. The contract indicated she would be paid for working and that she would receive a commission of 2% of sales. The Plaintiff fully performed her contractual obligations, and despite that fact, she was terminated.

44. The Plaintiff was efficient and effective in her work.

45. The Defendants wrongfully terminated the Plaintiff's employment, breaching the contract of employment between the Plaintiff and the Defendants.

46. The Defendants discriminated against the Plaintiff due to her age, and breached the contract of employment between the Plaintiff and the Defendants by not paying her commissions and terminating her.

47. As a direct and proximate result of the wrongful termination of the Plaintiff's employment, the Plaintiff has suffered a loss of income and benefits, has been deprived of contractual rights conferred by the aforesaid contract, has had her ability to work in the field damaged, and has been otherwise injured and damaged in such amount as a judge and jury may determine.

48. Due to the acts of the Defendants, its agents and employees, the Plaintiff is entitled to civil damages, back wages plus interest, front pay, payment for lost benefits, reinstatement of benefits, and compensatory damages.

**FOR A FIFTH CAUSE OF ACTION**
**CONVERSION**

49. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

50. The Defendant committed conversion against the Plaintiff in the following particulars to wit:

a. In wrongfully withholding the Plaintiff's money from her possession;

b. In withholding the Plaintiff's money with the intent to permanently deprive and defraud the Plaintiff of the use and benefit of the money; and

c. In withholding the Plaintiff's property with the intent to permanently appropriate the property for the use of the Defendant or any other person other than the Plaintiff.

51. The Defendants also committed conversion against the Plaintiff by not surrendering the money upon her request for wages owed to her.

52. The Defendant converted said funds to their own use.

53. The Defendant's actions were without right or justification and constituted the conversion of the Plaintiff's property.

54. The Defendant acted maliciously and in bad faith in that they knowingly converted the Plaintiff's funds when in the exercise of reasonable care they should have known their actions were wrongful.

55. That as a direct and proximate result the Plaintiff has suffered a loss of income and has been otherwise injured and damaged in such amount as a judge and jury may determine.

## REQUEST FOR RELIEF

56. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

57. Due to the acts of the Defendants, Plaintiff suffered great emotional and mental distress, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

58. That by reason of such wrongful acts of the Defendants, Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendants for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorneys' fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendants with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by said damages to be doubled pursuant to the ADEA, and trebled pursuant to the FLSA and the South Carolina Payment of Wages Act;

4. Judgment in favor of the Plaintiff and against Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendants for mental anguish, and emotional distress, compensatory damages, and punitive damages in an amount to be determined by the trier of fact; and

6. Judgment against Defendants, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

7. Judgement against Defendant for compensatory damages.

**WIGGER LAW FIRM, INC.**

s/*Jarrel L. Wigger*
JARREL L. WIGGER (Fed I.D. # 6345)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
April 6, 2019