IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kathy E. Merritt, | )<br>) |
| Plaintiff, | )<br>) |
| | ) Civil Action No. 2:19-cv-1002-RMG |
| v. | )<br>) **ORDER AND OPINION** |
| The Kolter Group, LLC, d/b/a<br>KH Ponds, LLLP; Kolter Homes, LLC,<br>d/b/a KH Holdco, LLC, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

Before the Court is the report and recommendation ("R & R") of the Magistrate Judge to grant in part and deny in part Defendants' motion to stay this matter and compel arbitration. (Dkt. No. 12.) For the reasons set forth below, the Court adopts the R & R as the Order of the Court to dismiss this matter and compel arbitration.

I. **Background**

This is an employment discrimination action in which Plaintiff Kathy E. Merritt, a former sales consultant employed by Defendants, alleges that Defendants unlawfully discriminated against her in violation of the Age Discrimination in Employment Act, the Fair Labor Standards Act, and the South Carolina Payment of Wages Act. Plaintiff also brings claims for conversion and breach of the employment agreement. (Dkt. No. 1.) Defendants move to stay this lawsuit and compel arbitration (Dkt No. 8), to which Plaintiff consents (Dkt. No. 10). The Magistrate Judge recommends that the Court compel arbitration, but dismiss rather than stay the proceedings. No party objected to the R & R.

1

## II. Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

The Federal Arbitration Act ("FAA") gives the Court the power to stay a proceeding "if satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement." 9 U.S.C. § 3. "This stay-of-litigation provision is mandatory [and the] district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002); *see also Sittner v. Cnty. Club, Inc.*, No. 4:15-CV-05043-RBH, 2016 WL 3753224, at *4 (D.S.C. July 13, 2016) ("A district court is required to stay litigation where a valid arbitration agreement exists between the parties and the issues in the case are covered by the arbitration agreement."). The FAA applies where there is "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the

2

agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991).

Where all of the claims asserted in a complaint are subject to arbitration, dismissal of the complaint is "an appropriate remedy." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001) ("[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable.").[1] Here, the parties agree that all claims are subject to arbitration and the Court finds in its discretion that dismissal, rather than staying the proceedings pending an arbitral determination, is the proper remedy.

## IV. **Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R as the Order of the Court. Defendants' motion to compel arbitration and stay these proceedings (Dkt. No. 8) is **GRANTED IN PART** and **DENIED IN PART**. The parties are **ORDERED** to proceed to arbitration of all claims and this matter is **DISMISSED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 27, 2019
Charleston, South Carolina

---

[1] The Court of Appeals for the Fourth Circuit has noted possible inconsistency between its opinions on this issue of staying or dismissing an action in light of arbitration. *See, e.g.*, *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 376 n.18 (4th Cir. 2012) ("There may be some tension between our decision in *Hooters*—indicating that a stay is required when the arbitration agreement 'covers the matter in dispute'—and *Choice Hotels*—sanctioning dismissal 'when all of the issues presented . . . are arbitrable.'").

3